UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

UNITED STATES OF AMERICA,

            - against -                         No. 20 Cr. 00610 (LGS)

BRANDON BLAKE,

            *Defendant.*

---------------------------------------------------------X


## DEFENSE SENTENCING RECOMMENDATION
*(On a Violation of Supervised Release)*


                                                                    Attorney for Brandon Blake

                                                                    HAROLDB. RAMSEY JR. ESQ.
                                                                    305 Broadway, Suite 14fl.
                                                                    New York, New York 10007
                                                                    Tel:  (212) 574-7977
                                                                    *Haroldramseyjr@aol.com*

------------------------------------------------------------X

**UNITED STATES OF AMERICA**
        - against -                                  No. 20 Cr. 00610 (LGS)

**BRANDON BLAKE,**

        *Defendant.*

------------------------------------------------------------X

    The case above is presently scheduled before this court on January 9, 2024 at 10:30 a.m. for sentencing on Brandon Blake's admission to a violation of Supervised Release. this Sentencing Recommendation is submitted to request that the Court impose the sentence at variance with the Guidelines, pursuant to this Court's authority under United States v Booker, 534 U.S. 220 (2005); 18 U.S.C. §3583(e).

    As the court is aware, the Probation Department has indicated in the Violation of Supervision Report that Mr. Blake has a Criminal History Category I, with a Grade C violation, Guideline Provisions recommend 4 months to 10 months. See violation of Supervision Report page 4 (Policy Statement and Guideline Provisions). Counsel's reading of 7B 1.4 relates that the Guidelines provision as it applies to Mr. Blake, Criminal History I with Grade C violation faces a guideline range of 3 to 9 months. Should this Court revoke the supervision, the report also states that, under 18 U.S.C. § 3583(e)(3), Brandon Blake faces a maximum statutory penalty of three years imprisonment See, Violation of Supervised Release Report page 5. The recommended Sentence from Probation is Six (6) months term of imprisonment followed by a supervised release term of one (1) year, See Violation of Supervised Release Report page 4. However, there are compelling circumstances for this Court to consider the imposition of a sentence as authorized by 7B 1.3(a)(2)

### I.   Summary of Arguments in Support of the Relief Requested

The first point raised to support the relief requested is related to relying upon Sentencing Guidelines as an accurate measure to assess an appropriate sentence to impose for a violation of supervised release in this case.  As noted above,  pursuant to Guideline § 7B1.4(a), on a Grade C violation, Brandon Blake faces an advisory guideline range of 3 to 9 months.

However, the mathematical algorithm which arrives at the punishment of 3 to 9 months, fails to give "meaningful consideration" to the positive steps taken by Brandon Blake to rehabilitate himself and return to society in a positive manner without the imposition of a sentence of imprisonment.  The conduct admitted to by Brandon Blake occurred on or about June 21, 2022, July 1, 2022 and August 8, 2022, where Brandon Blake failed to participate in an Educational/Vocational program as directed, and failed to get employment, a grade C violation.

Upon finding of a grade C violation, Court may (A) revoke supervised release or  (B) extend the term of supervised release and/or modify the condition of supervision, See 7B 1.3(a)(2).

### II.  Mr. Brandon Blake's conduct while under supervision

The second point raised to suppor tthe relief requested is the improved conduct  of Mr. Blake. Mr. Blake was first under the supervision of Probation Officer (PO) Riley.  Mr. Blake learned of the RISE program from a friend, and he informed PO Riley about the program. PO Riley investigated and informed Mr. Blake that he did qualify for the Program and that he would be assigned a different PO to get enrolled in the RISE program.   PO Zhang was assigned to Mr. Blake.  Mr. Blake was interviewed over the phone and directed to attend the RISE  program.  Participation in the RISE program requires the participant to

3

remain drug free and obtain employment to get the benefits of the Program.

Mr. Blake was unable to find employment, and was unable to stop using marijuana, resulting in Mr. Blake not obtaining any points necessary to obtain the benefits of the RISE program. These failures resulted in Mr. Blake withdrawing from the program .

Near the end of 2021, just before his withdrawal from the RISE program, PO Zhang directed Mr. Blake to attend the CEO program. Mr. Bake completed orientation and was assigned employment at the Taft houses working with New York City Housing Authority as a grounds keeper.

Work assignments were assigned on a week-by-week basis. Mr. Blake received one week assignment. When Mr. Blake inquired of the supervisor at Taft houses about his next assignment, he was told to contact his job coach at CEO. Mr. Blake reached out to his job coach at CEO and did not get any response from CEO. Mr. Blake informed PO Zhang of his situation and he was informed by PO Zhang her other clients were having similar problems with CEO.

PO Zhang directed Mr. Blake to look for work on his own. Mr. Blake was unsuccessful in finding work for 2022.

Mr. Blake utilized the online applications of, Institutional Shareholder Services (ISS), and Indeed to search for work. Mr. Blake learned that he was not qualified for positions that ISS had available. Mr. Blake did obtain employment through Indeed and went to work for Krasdale Foods Inc., working in the stock room(see pay stub). Mr. Blake worked there for approximately one month, May 2023.

PO Zhang was made aware of Mr. Blake's search for work, and his accomplishment of finding work at Krasdale Food Inc. [SST] p-1-6]

Mr. Blake also found employment as a mover helper assisting patrons of the U-Haul

4

company.  An acquaintance of Mr. Blake, Kaseen LNU, maintained the business of helping people move [Moving Helper](SST p-7-16) . Kaseen would contact Mr. Blake as he needed help.  The screen shots listed above were taken from Kaseen's cell phone which he provided to Mr. Blake in response to Mr. Blake's request that he needed proof of his working as a helper.  Mr. Blake stopped working with moving Helper when he learned in open court that Probation did not accept this type of job to satisfy the requirement that Mr. Blake maintain employment as a condition of his Supervised Release obligations.

In October '23 PO Zhang directed Mr. Blake to return to the CEO program.  When Mr. Blake returned to CEO, he was told that a new referral had to be sent to the program from his PO.  Mr. Blake informed PO Zhang of the need for the referral and said referral was sent (SST p17-18-).  Mr. Blake would make his appointments with CEO, he was given a card so he could show verification to his PO that he did appear, however nothing substantive took place to assist Mr. Blake with finding employment (SST p-19-20).  Mr. Blake made three appearances at CEO. The first time he was told he needed a new referral.

The second and third visit Mr. Blake was given a card and told to return the following week.  Then CEO canceled a scheduled visit as evidenced by the text sent from CEO (SSTp-21).  These circumstances totally frustrated and discouraged Mr. Blake.

PO Zhang referred Mr. Blake Brandon to Drug treatment.  Mr. Blake is participating in Drug treatment at the ARU program located at 507 West 145th Street. New York New York 10013.  Mr. Blake attends meetings on Fridays to learn skills to aid him in his quest to concur his usage of Marijuana. Mr. Blake has improved his behavior and has a record of recent history of negative drug test reports.

Mr. Blake is also in the process of obtaining his driver's license as he has leads for employment that require a valid driver's license.  Mr. Blake is reaching out to all resources

5

that he can find to accomplish his goal of obtaining employment (SST p-22-24).

   Blake has maintained open contact with his Probation Officer and informed the Officer of his attempts to obtain employment, provided proof of employment when requested as evidenced by the attached text messages.

### III.  Conclusion

In determining whether to revoke, modify or extend a term of supervised release, 18 U.S.C. § 3583(e) requires the court to consider most, but not all of the factors the court considers when imposing a term of imprisonment, including the nature and circumstances of the offense and the history and characteristics of the defendant, deterrence, rehabilitation, typical punishments, *inter alia.*  See, *United States v. Gammarano*, 321 F.3d 311, 314 (2d Cir. 2003); *United States v. Lussier,* 104 F.3d 32, 35 (2d Cir. 1997).  Just as with the imposition of the underlying term of imprisonment, the court must make individualized findings concerning whether to impose a term of supervised release and, if so, what conditions should be imposed.  See, gen., *United States v. Bell*, 915 F.3d 574, 578 (8th Cir. 2019).  In addition to considering the statutory factors, the guidelines recommend that the court also consider the defendant's criminal history and problems, if any, with substance abuse. See, Guideline, §5D1.1, comment. (n.3[B]); Guideline, §5D1.1, comment. (n.3[C]); Guideline, §5H1.4 (Physical Condition, Including Drug or Alcohol Dependence or Abuse).  However, the primary goal of a revocation sentence is to sanction the breach of trust while on supervision, not to punish the conduct underlying the violation.   See, *United States v. Sindima*, 488 F.3d 81, 86 (2d Cir. 2007).  The C violation admitted to by Mr. Blake is not the type of violation that possess a risk of new felonious conduct. This  violation of a condition of supervision is not conduct constituting a federal or state, or local offense punishable by a term of imprisonment of one year or less.

The Probation Department's recommendation of a sentence of 6-months imprisonment, represents a sentence that is a lengthier sentence than the 4-months sentence imposed on the underlying offense. (See Violation Report page 1)

The imposition of a sentence of incarceration would defeat the goal of Supervised Release, which is to reintegrate the offender back into society as a law-abiding citizen.

Brandon Blake has demonstrated that he is totally amenable to community supervision. He is following the rules and is making proper decisions to evidence his rehabilitation and respect of the Probation Department's authority.  While there have been some minor hiccups in Mr. Blake's readjustment, for the most part Mr. Blake is making his best efforts to comply with the stipulations put upon him by the Probation Department during his Supervised Release portion of his sentence.

The application of the Guidelines as recommended by Probation strips Brandon Blake of the individual factors that comprised his life while under Supervision.  As a result, Brandon Blake requests a sentence for his violation of supervised release pursuant to Guideline §7B 1.3(a)(2). Such a sentence, in Brandon Blake's individual case, is sufficient but not greater than necessary to reach the sentencing goals of Congress in this case.

Dated: New York, New York
        December 16, 2023

                                        Respectfully submitted

                                         /s/
                                        Harold B. Ramsey Jr., Esq.
cc: AUSA Jerry Fang